### UNFAIR USE OF TRADE NAMES.

Circuit Court of Cuyahoga County.

THE CLEVELAND TRANSFER & CARRIAGE COMPANY v. M. R. BRAILEY ET AL.

Decided, October 28, 1912.

*Unfair Trade—Use of Words Which Could Not be Trade-Names May be Enjoined.*

There may be an unfair use for trade purposes of words which are not capable of being an arbitrary trade-mark or trade-name, because they are geographical or purely descriptive, but when used unfairly tend to create confusion on the part of the public as to goods or firms, and when so used and such confusion results, their use will be enjoined.

*W. H. Boyd* and *M. W. Sanders*, for plaintiff.
*Matthews & Orgill*, contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

This action is here on appeal. The plaintiff is a corporation engaged in the business of handling, transferring and transporting baggage to and from railroad depots, hotels, private residences and places of business in the city of Cleveland, and the hiring of conveyances and the doing of general livery and transfer business. The business conducted by it was founded by its predecessors in interest about fifty years ago. The business so founded was conducted until about the year 1886 under the name

of "Cleveland Transfer" or "Cleveland Transfer Company," and was generally known as "the Cleveland Transfer" or "Cleveland Transfer."

In 1886 the owners of the business incorporated it under the name of "the Cleveland Transfer Company," and continued to operate in the city of Cleveland, using the names and designations of "the Cleveland Transfer," "Cleveland Transfer" and "Cleveland Transfer Company" until 1890, when the plaintiff company was incorporated under the laws of Ohio as "the Cleveland Transfer & Carriage Company." Upon its incorporation the plaintiff acquired all of the assets, property, interests, rights and trade names of the Cleveland Transfer Company, and continued the business as before, making general use of the name "Cleveland Transfer Company" on its baggage checks, buildings, wagons and other vehicles.

The plaintiff claims that the names indicated have become familiar to the public of Cleveland, and have been exclusively associated for many years in the public mind with the business conducted by the plaintiff and its predecessors in interest, so that such association has become a property right of great value to it.

Complaint is made by the plaintiff against the defendant, M. R. Brailey, who is engaged in the auto livery and transfer business in the city of Cleveland, that he has caused the defendants, the Cleveland Transfer Auto Livery & Baggage Company, the Auto Livery Company and the Taxicab Company to be incorporated, and has adopted various names, fictitious in character, under which to conduct his business; that in the conduct of his business under the names of the corporate defendants and under the fictitious names referred to, said defendant, M. R. Brailey, has assumed and appropriated the names "Cleveland Transfer Company," "the Cleveland Transfer Company" and "Cleveland Transfer," and used the same in telephone directories and otherwise in such a manner as to induce the belief in the minds of the public that said business is the same as that conducted by the plaintiff; that the object of said defendant in so making use of said names is to obtain the customers of the plaintiff on the representation made by the use of said names that they are dealing with the plaintiff, and that he has in fact unfairly obtained

some of such customers who have been deceived into the belief that they were patronizing the plaintiff. The equitable interference of this court is sought by the plaintiff to enjoin the defendants and each of them from using the name "Cleveland Transfer" and "the Cleveland Transfer" and "the Cleveland Transfer Company," or any one of said names in the manner complained of, in the conduct of the business of the defendants.

The authorities sustain the contention of the defendants, that neither the word "Cleveland" nor the word "Transfer" nor the two words in combination, can be protected as a trade-mark or trade name. The first is geographical and the second merely descriptive of the business. If the plaintiff is entitled to the relief sought, it must be because of unfair competition on the part of the defendants.

The doctrine of unfair competition is discussed in *G. W. Cole Co.* v. *American Cement & Oil Co.*, 130 Fed. Rep., 703. In the opinion on page 705 it is said:

"Unfair competition is distinguishable from the infringement of a trade-mark in this: that it does not involve necessarily the question of the exclusive right of another to the use of the name, symbol, or device. A word may be purely general or descriptive, and so not capable of becoming an arbitrary trade-mark, and yet there may be an unfair use of such word or symbol which will constitute unfair competition. Thus a proper or geographical name is not the subject of a trade-mark, but may be so used by another unfairly, producing confusion of goods, and so come under the condemnation of unfair trade, and its use will be enjoined. The right to the use of an arbitrary name or device as *indicia* of origin is protected upon the grounds of a legal right to its use by the person appropriating it. The doctrine of unfair competition is possibly lodged upon the theory of the protection of the public, whose rights are infringed or jeopardized by the confusion of goods produced by unfair methods. Whether such confusion has been or is likely to be produced by the acts charged, is a question of fact to be resolved either by evidence of actual sales of the one product for the other, of actual mistake of one for the other, of fraudulent palming off of the one for the other, or, on the other hand, failing such evidence, by comparison of the two brands to determine whether the one can be readily mistaken for the other, even by the inattentive and unobserving retail purchaser."

The doctrine under consideration is discussed in *Nims on Unfair Business Competition,* in Section 1, in this language:

"Unfair competition is not confined to acts directed against the owners of trade-marks or trade names, but exists wherever unfair means are used in trade rivalry. Equity looks not at what business the parties before the court are engaged in, but at the honesty of or dishonesty of their acts. It is unfair to pass off one's goods as those of another person; it is unfair to imitate a rival's trade name or label; but he who seeks to win trade by fair means or foul is not limited to these methods. He may copy and imitate the actual goods made or sold by a competitor, he may libel or slander these goods, make fraudulent use of a family name, or trade secrets, of corporate names, of signs, of threats, of action; he may construct buildings which are reproductions of peculiar buildings of a rival, thus producing confusion in the minds of purchasers, which enables him to purloin his rival's trade, and in a hundred other unfair ways secure another's trade. All acts done in business competition are either fair or fraudulent, equitable or inequitable, whether they relate to marks or not; and it is believed that the question of trade-marks will soon be lost sight of in discussing unfair competition, in the problem of securing, through the principles of equity, full protection to every merchant against unfair business methods."

The law on the subject of unfair competition being as stated in the authorities cited, if the defendants have so appropriated and used the words "Cleveland Transfer" as to deceive the public and obtain the plaintiff's customers by inducing them to believe that they were patronizing the plaintiff, when in fact they were patronizing the defendants, or some of them, the plaintiff should receive protection against the acts complained of.

We think the proof is such that the plaintiff is entitled to the relief asked.

This conclusion is in accord with the holding of this court in *The Enterprise Manufacturing Co.* v. *The E. A. Pflueger Company and E. A. Pflueger,* decided May 21, 1909, the principle of which was sustained by the Supreme Court.

A decree will, therefore, be granted the plaintiff.